PATRICK M. McCAFFREY *et al.*, Plaintiffs-Appellants, v. EARL J. NAUMAN *et al.*, Defendants-Appellees.

Second District   Nos. 2—89—1363, 2—90—0257 cons.

Opinion filed October 24, 1990.—Rehearing denied November 29, 1990.

David W. Badger, of Badger & Badger, of Dixon, for appellants.

Henry S. Dixon, of Law Offices of Henry S. Dixon, of Dixon, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Citing Supreme Court Rule 301 (107 Ill. 2d R. 301), plaintiffs appeal the trial court's order which, in addition to ordering the sale of plaintiffs' partnership, imposed a covenant not to compete upon the plaintiffs. Plaintiffs also appeal, in a consolidated case, from the trial court's striking of their notice of appeal from the order imposing the noncompetition covenant.

Plaintiffs, Patrick and Helen McCaffrey (McCaffreys), and defendants, Earl and Shirley Nauman (Naumans), together purchased an existing restaurant and associated property in September 1984. Relations soured between the owners, and on September 16, 1986, the McCaffreys filed a complaint seeking to dissolve the partnership formed to carry on the business of the Long Branch Saloon. The par-

ties had no written partnership agreement, but they all agreed that, by carrying on a business for profit, they had formed a partnership at will. The Naumans admitted all the allegations contained in the complaint.

A receiver was appointed by agreed order on February 2, 1987. The receiver obtained an appraisal of the business assets and also solicited offers for purchase of the business from both the McCaffreys and the Naumans. The offer submitted by the Naumans contained a condition that, if their offer were accepted, a covenant not to compete must be imposed on the McCaffreys for the area within two miles of the City of Amboy for a period of two years after entry of judgment. The receiver recommended acceptance of this offer in his report filed August 18, 1987. The McCaffreys objected to the receiver's report and requested the court to order a public sale of the business assets. The court then directed the receiver to accept bids from the two parties.

On February 3, 1988, the receiver conducted a private sale, and the Naumans' bid was highest. The court entered a judgment order on February 18, ordering the dissolution of the partnership and the sale of the business to the Naumans. This order also prohibited the McCaffreys from competing with the Naumans for the area and balance of time provided in the contract by which the partners purchased the business in 1984. The closing was held on June 20. The receiver filed his report of sale on September 8, 1988.

On November 17, 1989, the McCaffreys filed a request that the court approve the report of sale. The court did so on that date and also discharged the receiver; both actions were made in an order entered *nunc pro tunc* as of September 8, 1988. The McCaffreys filed a notice of appeal on December 15, 1989, seeking reversal of the trial court's order which prohibited the McCaffreys from competing with the Naumans. This notice of appeal was stricken by the trial court on February 21, 1990. The McCaffreys then appealed from the striking of their notice of appeal. Both appeals have been consolidated here for our review.

■ The McCaffreys first contend that the trial court exceeded its authority in striking their notice of appeal filed December 15. We conclude that the trial court was in error. The court struck the notice of appeal because it determined that the notice should have been filed within 30 days of the February 1988 order. However, this question must be decided in this court, not the trial court. (See *People ex rel. Doty v. Dusher* (1962), 24 Ill. 2d 309, 310; *People v. Mulgrew* (1974), 19 Ill. App. 3d 327, 330.) The order striking the McCaffreys' notice of

appeal is therefore void, and we will consider whether the notice of appeal was timely filed.

The trial court struck the December 15, 1989, notice of appeal after finding that the judgment order of February 18, 1988, was a final and appealable order; therefore, according to the court, any appeal from that order should have been taken within 30 days of that judgment. The McCaffreys contend that the judgment order of February 18, 1988, did not become final until the court approved the receiver's report on November 17, 1989; thus, the notice of appeal filed December 15, 1989, was within the required 30-day period.

■ "A final decree is one which disposes of the merits of the case, although incidental matters may be reserved for consideration." (*Bernard Brothers, Inc. v. Deibler* (1951), 344 Ill. App. 222, 228.) The fact that the trial court retains jurisdiction for some purposes does not make an order any less final. (*Impey v. City of Wheaton* (1965), 60 Ill. App. 2d 99, 103; see also *Callier v. Callier* (1978), 61 Ill. App. 3d 1011, 1012.) The real test is whether the order terminates the litigation on the merits or retains jurisdiction over matters of substantial controversy. *Bernard Brothers*, 344 Ill. App. at 228.

■ We conclude that the order of February 18, 1988, was interlocutory but immediately appealable pursuant to Supreme Court Rule 304(b)(2), which allows appeal without the special findings required in Rule 304(a), from

> "[a] judgment or order entered in the administration of a receivership, rehabilitation, liquidation, or other similar proceeding which finally determines a right or status of a party and which is not appealable under Rule 307(a)." (107 Ill. 2d R. 304(b)(2).)

The court, in this order, adjudged the Naumans to be the purchasers of the partnership, specified the price of the purchase, itemized the distribution of the proceeds, and finally determined the rights and duties of all parties in the aftermath of the sale. The order dissolved the partnership. Nothing remained to be done after the order except the closing, the distribution, and the filing of the receiver's report. The merits of the litigation were disposed of in the February order. The matters over which the trial court retained jurisdiction related only to the implementation of its order. All substantial controversy between the parties was terminated by the court's order.

■ The McCaffreys argue that finding the order of February 18 to be immediately appealable would encourage piecemeal appeals. We disagree. The rights and obligations of the parties were set by the February order. Any future problems involving implementation of the

order would be addressed in the trial court via a rule to show cause in a contempt proceeding. Our ruling today in no way causes multiple appeals from the same case.

Because the order of February 18, 1988, was immediately appealable, the McCaffreys' notice of appeal filed December 15, 1989, was not timely. Therefore, we need not address the contentions raised in the notice of appeal.

Appeal dismissed.

GEIGER and INGLIS, JJ., concur.