No. 3--01--0710

_________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2002

GREGORY NEUMANN, ) Appeal from the Circuit Court

Plaintiff-Appellee ) for the 12th Judicial Circuit,

) Will County, Illinois

) 

v. ) No. 93--CH--5259

) 

KENNETH NEUMANN, ) Honorable

Defendant-Appellant. ) Thomas M. Ewert

) Amy Bertani-Tomczak 

) Judges, Presiding _________________________________________________________________

MODIFIED ON DENIAL OF REHEARING              

JUSTICE BRESLIN delivered the opinion of the court:

_________________________________________________________________

This appeal springs from an action for an accounting, dissolution of a partnership, and a claim for breach of fiduciary duty filed by plaintiff Gregory Neumann against his brother and partner Kenneth Neumann.  After many years of litigation, the trial court dissolved the partnership and entered an order on September 28, 2000 making final determinations regarding the accounting, the dissolution of the partnership, the splitting of the assets and a finding of breach of fiduciary duty on the part of defendant Kenneth.  All that remained to be done was the sale of the partnership real estate and equipment and the setting of prejudgment interest.  

In March of 2001 Kenneth filed a motion to vacate the September 28, 2000 order.  The trial court denied the motion, finding that the September 28, 2000 order was final and appealable and that Kenneth was barred from appealing it because he did not appeal within 30 days of its entry.  Kenneth appealed both the denial of the motion to vacate and the award of prejudgment interest.  We affirm the trial court and hold that an order entered in a partnership dissolution that disposes of the merits of the case and finally determines the rights and obligations of the parties is final and appealable and must be appealed within 30 days pursuant to Supreme Court Rule 304(b)(2). 155 Ill. 2d R. 304(b)(2).  We also hold that a partner's breach of fiduciary duty does not preclude the court from awarding him prejudgment interest based on equitable considerations.

FACTS

Gregory and Kenneth were equal partners in Neumann's Nursery.  Trouble started between the brothers over a decade ago. After a bench trial and by agreed order, the court appointed a receiver to value the partnership property, wind down partnership affairs, and liquidate partnership assets.  The receiver filed her report in October of 1999.  Both parties filed written objections to the receiver's report, and a hearing was held to consider the objections, question the receiver, and present witnesses to rebut her findings. 

Following the hearing, the trial court held that Kenneth had breached his fiduciary duty to Gregory and entered an order on September 28, 2000 which granted partial judgment in favor of Gregory in the amount of $775,246.73.  The order resolved all partnership issues but reserved the question of prejudgment interest and execution of the sale of certain equipment and partnership land.  In February of 2001, the court entered an order awarding $689,823 in prejudgment interest to Gregory and entered a 
nunc
 
pro
 
tunc
 order awarding $7,048 to Gregory for reimbursement for partnership expenses.  Kenneth appealed.  A motion to dismiss filed by Gregory was taken with the case.  

ANALYSIS

The first issue we must resolve is whether Kenneth's appeal of the September 28, 2000, order is barred because it is untimely.  
Gregory argues that the trial court's September 28, 2000 judgment was a final and appealable order and that Kenneth's failure to appeal from it within 30 days precludes him from appealing it now.   

A judgment entered in the administration of a receivership, liquidation, or similar proceeding that does not dispose of an entire proceeding but which finally determines a right or status of a party is appealable under Supreme Court Rule 304(b)(2) within 30 days after its entry. 155 Ill. 2d R. 304(b)(2); 155 Ill 2d R. 303(a) (1).  A final judgment is one that disposes of the rights of the parties so that if the judgment is affirmed, nothing remains for the trial court to do but proceed with execution of the judgment.  
Kim v. Alvey, Inc.
, 322 Ill. App. 3d 657, 749 N.E.2d 368 (2001).  

In its September 28, 2000 order the trial court made specific findings regarding all partnership issues. The order determined the judgment amount that Kenneth owed Gregory.  Proceeds from the real estate and equipment sales were to be used to adjust the accounts between the brothers. The only details that remained were those which were required to enforce the already decided issues, i.e., the realty and personalty sales.  The court also needed to make a determination regarding Gregory's request for prejudgment interest.  In our view, the order disposed of the rights of the parties and was final and appealable as nothing remained for the trial court to do except implement its order.  Because Kenneth did not appeal from that order within 30 days, he is precluded from appealing those issues now.  See 
McCaffrey v. Nauman
, 204 Ill. App. 3d 761, 562 N.E.2d 628 (1990) (holding that an order which finally determines the rights of the parties in a partnership dissolution must be appealed within 30 days).

Kenneth cites 
McCaffrey v. Nauman
, 204 Ill. App. 3d 761, 562 N.E.2d 628 (1990) as an example of a final and appealable order and maintains that this case is not like 
McCaffrey
.  In 
McCaffrey
, 204 Ill. App. 3d at 764, 562 N.E.2d at 630, what remained to be done after the order at issue was entered was the real estate closing, the distribution of the sale proceeds, and the filing of the receiver's report regarding the sale.  The court retained jurisdiction merely to implement its order. 
McCaffrey
, 204 Ill. App. 3d at 764, 562 N.E.2d at 630.

Unlike 
McCaffrey
, at the time the September 28, 2000 order was entered in this case, no purchasers had been specifically identified.  Nevertheless, the order in this case left no doubt that at the November 8 hearing the equipment would be sold and real estate offers would be considered and acted upon.  The order stated that the proceeds from the sales would be used to adjust the brothers' accounts.  As in 
McCaffrey
, all that remained to be done after entry of the September 28, 2000 order was for the court to implement it.  

Kenneth also urges us to follow 
Hildebrand v. Topping
, 240 Ill. App. 3d 104, 608 N.E.2d 119 (1992), which he maintains supports his argument.  In that case the trial court retained jurisdiction after it had entered the order at issue to oversee the wind-up of partnership affairs, the final accounting and the sale of real estate. 
Hildebrand
, 240 Ill. App. 3d at 107, 608 N.E.2d at 122.  To determine whether the order was final and appealable, the court looked at the nature of the conflict and the effect that the order in question had on the conflict. 
Hildebrand
, 240 Ill. App. 3d at 108, 608 N.E.2d at 122.  The reviewing court found that the order was not final and appealable because it was intertwined with the final accounting that was still pending. 
Hildebrand
, 240 Ill. App. 3d at 108, 608 N.E.2d at 122.  
Hildebrand
 is distinguishable from the present case in that there was no final accounting still pending here.  In our case, the receiver's report had been accepted and the September 28 order had determined what the partnership assets were and how they were to be distributed. 

The circumstances that distinguish 
Hildebrand
 from this case illustrate the reasonableness of Supreme Court Rule 304(b) (155 Ill. 2d R. 304(b). The rule offers an exception to the general rule that prohibits the appeal of a judgment that does not dispose of all the issues before the court.  Included in the exception are judgments involving estate administrations, receiverships, liquidations, and similar proceedings.  See 155 Ill. 2d R. 304(b)(1) & (2).  An appeal under Supreme Court Rule 304(b) promotes efficiency and provides certainty by allowing parties to appeal those issues already decided.  See 
In re Estate of Devey
, 239 Ill. App. 3d 630, 607 N.E.2d 685 (1993) (discussing the practicality of Supreme Court Rule 304(b)(1) in a lengthy estate administration). 

Partnership dissolution proceedings often continue beyond the determination of the parties' rights.  It is reasonable to appeal a final judgment in dissolution cases before the partnership assets are sold so that if the trial court is overruled different decisions as to the accounting and sales may be made.  Dire consequences could result if a court was unable to make alternative decisions because partners waited to appeal until all the issues before the court were determined.  See 
Yardley v. Yardley
, 137 Ill. App. 3d 747, 484 N.E.2d 873 (1985) (noting that an entire estate administration might have to start anew if appellants waited to appeal). 

The second issue is whether the trial court erred when it increased the judgment by entering a 
nunc
 
pro
 
tunc
 order to include reimbursement to Gregory for expenses he paid on behalf of the partnership.  Kenneth claims that the 
nunc
 
pro
 
tunc
 order was an improper modification of the judgment and that the expenses awarded by it were not supported by any evidence. 

A 
nunc
 
pro
 
tunc
 order is an order entered to correct an inconsistency in a written record and must be based on definite evidence in the record. 
Gounaris v. City of Chicago
, 321 Ill. App. 3d 487, 747 N.E.2d 1025 (2001)
.  
We review 
de
 
novo
 whether an order was properly a 
nunc
 
pro
 
tunc
 order.
 
Gounaris
, 321 Ill. App. 3d at 493, 747 N.E.2d at 1030.

The trial court entered the 
nunc
 
pro
 
tunc
 order because the judgment amount did not include reimbursement to Gregory for $7,048 he paid on behalf of the partnership. During trial, Kenneth did not challenge the reimbursement amount.  It was entered into evidence as an exhibit without objection. The amount was included in the receiver's report.  In its September 28, 2000 order the trial court stated that it would adopt the receiver's report unless contrary evidence was presented. No contrary evidence appears in the record.  Under these circumstances, in our view the evidence in the record is sufficiently precise and definite to indicate that the trial court intended to include the reimbursement amount in the judgment and merely miscalculated the amount that Kenneth owed Gregory.  See 
Beck v. Stepp
, 144 Ill.2d 232, 579 N.E.2d 824 (1991) (finding the 
nunc
 
pro
 
tunc
 order improper because evidence in the record did not demonstrate that the original order failed to conform to the decree rendered).  Because the 
nunc
 
pro
 
tunc
 order amended the judgment amount to conform to the record, we hold that the trial court did not err.  

The third issue is whether the trial court erred when it awarded Gregory prejudgment interest.  We review this issue for an abuse of discretion. 
Kleczek v. Jorgensen
, 328 Ill. App. 3d 1012, 767 N.E.2d 913 (2002).  

Kenneth asserts that the award of prejudgment interest at the prime rate was contrary to law because the judgment against him was improper and because he did not unreasonably delay the proceedings.

In cases involving a breach of fiduciary duty, the purpose of awarding prejudgment interest at the prime rate is to make the plaintiff whole by placing him in the position he would have been had he had the opportunity to use the funds wrongly retained by the defendant. 
In re Estate of Wernick
, 127 Ill. 2d 61, 535 N.E.2d 876 (1989).  

While the record supports Kenneth's claim that Gregory was also found to have breached his fiduciary duty to Kenneth, the record does not identify what Greg's breaches were.  Notwithstanding its conclusion that Gregory had breached his fiduciary duty to Kenneth, the trial court found that Kenneth owed Gregory a substantial sum of money.  By awarding Gregory prejudgment interest, the trial court compensated him for the loss of the use of that money.  Contrary to Kenneth's assertion, there does not need to be a finding of unreasonable delay to support an award of prejudgment interest.  See 
Wernick
, 127 Ill. 2d at 86, 535 N.E.2d at 887 (contrasting a statutory interest award for vexatious delay and an award of interest at the prime rate to compensate for a breach of fiduciary duty).  

Kenneth's argument that the award of prejudgment interest was in error because it was based on a complicated calculation is also misplaced.  He cites 
Ouwenga v. Nu-Way Ag, Inc.
, 239 Ill. App. 3d 518, 604 N.E.2d 1085 (1992), 
Lyon Metal Products, L.L.C. v. Protection Mutual Insurance Co.
, 321 Ill. App. 3d 330, 747 N.E.2d 495 (2001), and 
Marvel Engineering Co. v. Commercial Union Insurance Co.
, 118 Ill. App. 3d 844, 455 N.E.2d 545 (1983) in support of his position.  In these cases, however, the interest award was not based on equitable considerations but was statutorily based.  Kenneth also cites 
McKenzie Dredging Co. v. Deneen River Co.
, 249 Ill. App. 3d 694, 619 N.E.2d 188 (1993) 
but we conclude that that case supports the trial court's award of prejudgment interest to Gregory in that it holds that a court of equity is not precluded from awarding prejudgment interest merely because the damages are not subject to exact computation.  We find no abuse of discretion in the trial court's decision, and we affirm the award of prejudgment interest.

   For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

HOLDRIDGE and McDADE, JJ., concur.