In re JOY RECOVERY TECHNOLOGY CORPORATION, Debtor.

Noel Daley, not individually, but solely as Trustee for the Joy Recovery Technology Corporation Liquidation Trust, Plaintiff,

v.

Mark J.F. Chang and Cathy C.H. Chang, Defendants.

Bankruptcy No. 97 B 36491.
Adversary No. 98 A 02044.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

March 17, 2003.

Christopher J. Horvay, Gould & Ratner, Chicago, IL, for Plaintiff.

Scott N. Schreiber, Much, Shelist, Freed, Denenberg, Ament & Rubenstein, P.C., Chicago, IL, for Defendants.

### MEMORANDUM OPINION ON TRUSTEE'S MOTION FOR AWARD OF PREJUDGMENT INTEREST

JACK B. SCHMETTERER,
Bankruptcy Judge.

This Adversary proceeding relates to the confirmed Chapter 11 Plan of Debtor Joy Recovery Technology Corporation ("Joy") under which Plaintiff herein who is liquidating trustee under that Plan, brought suit against Mark and his wife Cathy Chang ("Mark" and "Cathy" or "the Changs").

This action alleged that the Changs looted their former company Joy by selling Mark's 50% stock in trust for $2.1 million, leaving the company insolvent and defrauding Joy's inventory. This suit sought recovery in five counts: Counts I and II

averred fraudulent transfers under § 544 of the Bankruptcy Code and 740 ILCS §§ 160/5(a)(2) and 160/6(a) respectively; Counts III and V alleged that the Changs owed a fiduciary duty to Joy's creditors as officers and sole shareholders, and breached that duty by causing the subject transaction; Count IV charged misappropriation of corporate assets under 805 ILCS § 5/8.60. The Plaintiff also objected to the Changs' claim against Joy, seeking to subordinate it under 11 U.S.C. § 510 because of the conduct ultimately proven.

Following trial on the Amended Complaint, pursuant to Findings of Fact ("Findings") and Conclusions of Law made and entered, it was ordered that separate judgments will issue as follows:

1. Judgment for Defendants Mark and Cathy Chang on Count I.

2. Judgment for Trustee on Count II against Mark and Cathy Chang.

3. Judgment for Trustee on Counts III, IV, and V against Mark Chang.

4. Judgment sustaining Trustee's objection to Mark Chang's claim against the estate and equitably subordinating that claim to the claims of Joy creditors. *See In re Joy Recovery Technology Corp.*, 286 B.R. 54 (Bankr.N.D.Ill.2002).

Those judgments have not yet been entered because Plaintiff has moved for award of prejudgment interest to be included in the judgments. He seeks interest from the date of the transaction imposing liability which occurred on December 22, 1995, to the date of judgment.

Following briefing of the legal issues and for reasons set forth below, the judgment entered this date will include prejudgment interest, but only from the date this Adversary was filed on December 2, 1998, to the date of judgment, and only against Mark Chang, not Cathy.

## BREACHES OF FIDUCIARY DUTY— COUNTS III AND V

Chang was an employee, director, and president of one of Joy's divisions as well as Chair of the Board of Directors. The Findings and Conclusions determined that Joy was a closely held corporation and that Chang owed a fiduciary duty to the corporation and its shareholders but breached that duty by misappropriation of corporate assets. Specifically, it was held that "the conduct of Chang in effectuating the transaction involved here, stripping the corporation of assets without benefit to it and rendering it insolvent, is found to have violated his fiduciary duty."

The judgments to be entered in Counts III and V against Mark Chang lie under Illinois law, and there is ample authority in Illinois supporting award of prejudgment interest in cases where breach of fiduciary duty is found. In *In re Wernick*, 127 Ill.2d 61, 129 Ill.Dec. 111, 535 N.E.2d 876 (1989), the Illinois Supreme Court approved prejudgment interest upon finding that the defendant there breached fiduciary duties owed to his business associate relating to the sale of real estate. The plaintiff was awarded one-half of the sale proceeds plus prejudgment interest thereon. In examining the propriety of awarding prejudgment interest, it was held:

> The rationale underlying an equitable award of prejudgment interest in a case involving a breach of fiduciary duty is to make the injured party complete by forcing the fiduciary to account for profits and interest he gained by the use of the injured party's money. The injured party is thus compensated for any economic loss occasioned by the inability to use his money. Prejudgment interest in this context acts as a concept of fairness and equity and not as a sanction against the defendant.

*Id.* at 888. The court also observed: "[F]undamental principles of damages and compensation dictate that when money has been wrongfully withheld the victim receive interest for the wrongdoer's retention of his money." *Id.*

Similarly, in *NC Illinois Trust Co. v. First Illini Bancorp, Inc.*, 323 Ill.App.3d 254, 256 Ill.Dec. 925, 752 N.E.2d 1167 (2001), the court awarded prejudgment interest in favor of a trustee against the bank used by the trust, for breach of fiduciary duty. The opinion found that the bank breached fiduciary duties by using estate assets to settle a federal lawsuit brought by a purchaser of trust stock who alleged improprieties by the bank in connection with the stock sale, and to pay the bank's counsel in that litigation. Finding that "there is no doubt that Bank benefitted from th[e] transactions[,]" the court awarded prejudgment interest to the trustee, referring to the reasoning in *Wernick; See also NC Illinois Trust Co.*, 256 Ill.Dec. 925, 752 N.E.2d at 1178; and *Neumann v. Neumann*, 334 Ill.App.3d 305, 268 Ill.Dec. 58, 777 N.E.2d 981 (2002) ("In cases involving a breach of fiduciary duty, the purpose of awarding prejudgment interest at the prime rate is to make the plaintiff whole by placing him in the position he would have been had he had the opportunity to use the funds wrongly retained by the defendant.").

### MISAPPROPRIATION—COUNT IV

Under the Findings and Conclusions, judgment will enter against Mark Chang on Count IV for misappropriation under 805 ILCS 5/8.60. "The goal of damages under this statute is not compensatory; rather, the purpose is to deprive the fiduciary of the benefit of his breach, and thereby to deter fiduciaries from breaching their duty to the corporation." *Levy v. Markal Sales Corp.*, 268 Ill.App.3d 355, 205 Ill.Dec. 599, 643 N.E.2d 1206, 1220

(1994). Under Illinois law, prejudgment interest is appropriate, based on the same equitable considerations discussed above in cases of misappropriation. *See Forkin v. Cole*, 192 Ill.App.3d 409, 139 Ill.Dec. 410, 548 N.E.2d 795, 811 (1989) ("[T]his court has decided the trial court properly determined defendants misappropriated corporate assets and in some cases conspired to achieve those results. Accordingly, equity warrants the assessment of prejudgment interest as part of the judgment."); *LaBarbera v. LaBarbera*, 116 Ill.App.3d 959, 72 Ill.Dec. 431, 452 N.E.2d 684 (1983) (overruling trial court's denial of prejudgment interest and directing that it be assessed against defendant based upon misappropriation of funds).

### FRAUDULENT TRANSFER— COUNT II

It has also been determined that judgment is to be entered in Trustee's favor and against both Mark and Cathy Chang on Count II, for fraudulent conveyance under 740 ILCS 160/6(a) of the Illinois Uniform Fraudulent Transfer Act ("UFTA") and Section 544 of Title 11 of the United States Code. All of the elements of a fraudulent transfer were proven at trial. Further, it was held that Mark was not protected by the safe-harbor provision of § 550(b)(1) as he did not qualify as a good faith transferee. To be so protected, he would have had to taken the funds for value and without knowledge of the voidability of the transfer. To the contrary, it was held that:

... Chang did not give any value for the transfer. Secondly, as an officer of Joy, Chang had inquiry notice that the transaction could be avoided.... A reasonable person acting in good faith would have been on notice that Joy was a borrower and the possible source of the funds.... Chang's claim that he and his

counsel were misled by Young and had no idea that Joy was the source of the money to buy his stock is simply not credible.

■ In *In re Roti*, 271 B.R. 281 (Bankr.N.D.Ill.2002), Judge Squires imposed prejudgment interest from the date an adversary proceeding was filed on the trustee's fraudulent transfer claim, under § 160(6)(a) of the UFTA:

> The purpose of allowing prejudgment interest is compensatory, not punitive; such interest is granted to make the prevailing party whole. Not only must the award of prejudgment interest be compensatory, it is also within the Court's discretion to determine if such award is equitable.... In other words, prejudgment interest is "simply an ingredient of full compensation," and should not be considered a windfall. Prejudgment interest has been awarded pursuant to the rate set forth in 28 U.S.C. § 1961 from the date the adversary proceeding was filed.

*Id.* at 292–93. As prejudgment interest was appropriately awarded by Judge Squires under § 160(6)(a) in *Roti,* so too is prejudgment interest warranted against Mark Chang on Count II. Since Cathy played a lesser role compared to that of her husband, prejudgment interest against her will be denied.

### TRUSTEE MAY BE AWARDED PREJUDGMENT INTEREST ALTHOUGH NOT EXPRESSLY PLEADED

■ Changs argue that it would be prejudicial to Defendants to award the Trustee prejudgment interest in this case on any of the claims because the Trustee never expressly asked for such relief in his Amended Complaint. While federal rules of procedure provide for liberal amendment of pleadings, it has been found inappropriate to permit amendment of the pleading when a party would be prejudiced. See *Feldman v. Allegheny International, Inc.,* 850 F.2d 1217, 1225 (7th Cir.1988), citing *Textor v. Board of Regents,* 711 F.2d 1387 (7th Cir.1983). However, the primary consideration as to whether to permit amendment of pleadings is whether such amendment will delay a pending trial. Viewing the instant motion as one in effect to request a Complaint amendment to seek a prejudgment interest award, it comes after the trial was completed.

The Changs also argue that an award of prejudgment interest is based upon factual matters which could have been litigated by the parties, including knowledge of the parties concerning potential consequences of their conduct, and that it is prejudicial to assert such a request against the Changs after completion of all discovery, motion practice, and trial. Further, as no specific demand was ever made in the Complaint for such interest, they say it was impossible for them to have fairly addressed the issue, including their potential scope of liability, before filing of this Adversary and during more than four years that this proceeding has been pending. They seek mercy because the interest amount now being sought is close to one-third the amount of actual damages prayed for and to be awarded.

■ However, the Trustee may be awarded prejudgment interest even though his Complaint did not expressly request it. Rule 54(c) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings pursuant to Rule 7054(a) of the Federal Rules of Bankruptcy Procedure, specifically provides that "entry of a final judgment shall grant the relief to which a party has not demanded such relief in his pleadings." Fed.R.Civ.P.

54(c) [1]; *Williamson v. Handy Button Machine Co.*, 817 F.2d 1290, 1298 (7th Cir. 1987) (holding that plaintiff's failure to ask for prejudgment interest until after the verdict had been returned is not dispositive of the issue as to whether plaintiff is entitled to it). In addition, prejudgment interest is encompassed in Trustee's Amended Complaint's request for "such other relief as the Court deems just and proper." *See In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 340–41 (N.D.Ill.2002) (holding that a court may construe a request for such further legal and equitable relief to include a claim for actual damages). The Trustee also requested interest in the Trustee's Proposed Post–Trial Findings of Fact and Conclusions of law filed on March 15, 2002.

### DISCUSSION OF ARGUMENTS ASSERTED

■ Whether to grant prejudgment interest is within a court's discretion. *See In re FBN Food Svcs., Inc.*, 175 B.R. 671, 690 (Bankr.N.D.Ill.1994). However, some courts have held that the relative equities may make prejudgment interest inappropriate when the defendant acted innocently and had no reason to know of the wrongfulness of his actions, *see Board of Com'rs of Jackson County v. United States,* 308 U.S. 343, 352–3, 60 S.Ct. 285, 289, 84 L.Ed. 313 (1939); or when there is a good faith dispute between the parties as to the existence of any liability. *See St. Louis & O'Fallon Ry. Co. v. United States,* 279 U.S. 461, 478, 483, 49 S.Ct. 384, 385, 387, 73 L.Ed. 798 (1929) (suit under Interstate Commerce Act to recover excess income allegedly earned); *In re Armstrong,* 217 B.R. 569 (Bankr.E.D.Ark.1998) (prejudgment interest not allowed on fraudulent transfer avoidance claims where in light of defendant's "good faith" defense and nature of transactions, defendant could not determine, without judicial intervention, what its liability, if any, might be).

In the Findings of Facts and Conclusions of Law (hereafter the "FFCL"), rulings were entered in favor of the Changs on Count I of the Amended Complaint which alleged a fraudulent transfer under § 544 of the Code and 740 ILCS § 160/5(a)(2) and against the Changs on Count II which alleged a fraudulent transfer under § 544 of the Code and 740 ILCS § 160/6(a). Thus, it was found in Count I that the disputed transaction did not result in Joy Recovery Technology Corporation ("Joy") having "inadequate capital" because the transactions left Joy with capital enough to operate for a time. But, it was nevertheless held that Joy became insolvent as a result of the same transaction.

The Changs argue that an award of prejudgment interest would be unfair and inequitable, since Defendants were found to have some basis to dispute the Trustee's claims on Count I, and also because on the eve of trial the Plaintiff dismissed all but its fraudulent conveyance counts against Cathy Chang. Thus, Plaintiff ultimately prevailed only on part of his claims.

Moreover, they argue that they could not reasonably have determined with any certainty whether the transaction at issue was potentially subject to avoidance, since that transaction was structured as a cross-purchase between shareholders and was only reclassified many months later by the other party. Moreover, Joy continued to pay its trade creditors for some time, and so it is argued that there was no reason for the Changs to have even asked the ques-

---

**1.** Fed.R.Civ.P. 54(c) is applicable to this adversary proceeding pursuant to Fed. R.Bankr.P. 7054(a).

tion whether the transaction should be analyzed for solvency purposes or whether the purchase price may have been wrongfully obtained.

Defendants argue further that they acted in subjective good faith and that they never actually knew that Young's cross-purchase would result in Joy becoming insolvent or creditors not being paid. In the context of a fraudulent conveyance claim, a mediate transferee may retain the funds transferred if it can prove that the transfer was made (1) for value and (2) in good faith. 11 U.S.C. § 550. Here, a determination under § 550 could not be made without a judicial determination, and ultimately without the use of expert witnesses, and that until the ruling here, the Changs "honestly and reasonably believed that the stock was worth the purchase price." An award of prejudgment interest, they say, would serve no other purpose than to penalize the Changs for exercising their right to test the disputed issue in court.

Changs suggest that this case is factually analogous to the court's decision in *In re Armstrong*, 217 B.R. 569 (Bankr.E.D.Ark. 1998). In *Armstrong*, the defendant casino sought to avoid liability for a fraudulent transfer received from the debtor based upon its lack of knowledge of the insolvency of the debtor and based upon having provided reasonably equivalent value. Although the bankruptcy court ultimately found the casino liable, it denied prejudgment interest, reasoning that neither the fact nor the amount of liability could be known until trial. *Armstrong*, 217 B.R. at 580. Changs conclude that "... any award of prejudgment interest against Mark Chang would only serve to punish him for acting in good faith with respect to the disputed transaction and could serve no remedial purpose. It was impossible for Chang, or any other participant in the disputed transaction, to have anticipated this Court's findings, years later, concerning the structure of the transaction, value or solvency."

The Changs have argued that a specific pleaded request for prejudgment interest should have been made in this case because they did not anticipate that they would have to demonstrate that they acted in "good faith" and, therefore, are now prejudiced by the Trustee's request for prejudgment interest. However, the Changs' memorandum of law in support of their motion for summary judgment filed on May 1, 2000, contended that Mark Chang took the Debtor's property in good faith without knowledge of the voidability of the transfer. They certainly were well aware, as they should have been, that their good faith—or lack thereof—was at issue at trial. This was at the heart of their defenses predicated on § 550(b) of the Bankruptcy Code. The contention that the Changs would have somehow defended the case differently had they known that Plaintiff intended to request prejudgment interest is baseless.

The foregoing objections to award of interest have no merit, nor do the contentions that an award, of prejudgment interest is inappropriate because it is some sort of sanction. Award of interest is an attempt to be fair and equitable to those harmed and make them whole, not a sanction against the wrong doer. Prejudgment interest in this case is to compensate the Debtor's creditors for the money that Mark Chang wrongfully received.

Defendants' contention that Mark Chang acted "innocently and had no reason to know of the wrongfulness" of his actions is not supported by the record. Indeed, it was found that,

..., Chang obviously misused his position as a fiduciary to the detriment of

Joy's creditors. Beginning in early 1995, Chang contributed to the deadlock of Joy's board, and ultimately he orchestrated the dismantling of the board by intimidating its members with threats of litigation, which eventually led those members to resign. Thus, creditors of Joy were left without the protection afforded by the corporate form. Once the board was dispatched, Chang and Young used Joy as a mere instrumentality to effect the buyout of Chang's stock. There was no board resolution approving the LBO, and Joy was not even represented by Counsel when it mortgaged its future to finance the LBO. Joy's creditors were left holding the bag after Chang cashed-out his equity in the corporation. The distribution to Chang came at expense of the company's unsecured creditors.

It was further found that the conduct of Chang in effectuating the transaction involved here, stripping the corporation of assets without benefit to it and rendering it insolvent, is found to have violated his fiduciary duty. Moreover—

> Chang did not give any value for the transfer. Secondly, as an officer of Joy, Chang had inquiry notice that the transaction could be avoided.... A reasonable person acting in good faith would have been on notice that Joy was a

borrower and the possible source of the funds.... Chang's claim that he and his counsel were misled by Young and had no idea that Joy was the source of the money to buy his stock is simply not credible.

The Changs' argument now that they were innocent and did not know that the Debtor and its creditors would be hurt by the proposed transaction is contrary to the evidence and the Findings made. Their argument that they were unwitting bystanders was not credible at trial and is not credible as a defense to Plaintiff's request for prejudgment interest.

Changs contend that their case is analogous to the decision in *Meeks v. Greenville Casino Partners, L.P. (In re Armstrong)*, 217 B.R. 569 (Bankr.E.D.Ark.1998).[2]

■■■ *Armstrong* was a much different case. The opinion determined that the casino had a worthy defense in part and therefore it would be inequitable to award prejudgment interest. In contrast, here it was determined that the Changs did not have a defense to most counts because they were initial transferees of the $2.1 million in issue. The "good faith" defense is unavailable if the recipient of the transfer is the initial transferee. *Bonded Fin. Serv., Inc. v. European Am. Bank*, 838 F.2d 890 (7th Cir.1988).

---

**2.** In *Meeks*, an individual involved in a Ponzi scheme used his ill-gotten gains to gamble in a casino in Greenville, Mississippi. In the course of dealing with the casino, he cashed a number of checks and made other payments to the casino. These payments were numerous, substantial and occurred over a period of several years. The trustee filed a complaint against the casino seeking to recover these transfers as fraudulent.

*Armstrong* concluded that the trustee made a prima facie case for fraudulent transfers, but while the casino's defenses had merit, those defenses were not effective as to all of the payments. While the casino gave value—

i.e. cashed the checks—not all payments were made in good faith, and the casino had inquiry notice of the debtor's insolvency with respect to some of the transfers. In *Meeks*, judgment was entered against the casino for $160,000 of the $819,500 in fraudulent transfers, the trustee's request for prejudgment interest was denied.

In so doing, the court concluded in light of the casino's defense that it lacked knowledge of the debtor's insolvency, and prejudgment interest was inappropriate because the casino could not determine its liability until the court made findings of fact.

Moreover, the debtor-creditor relationship between the parties involved in *Armstrong* was substantially different than the close fiduciary relationship between a company controlled by an individual who is a director, stockholder and officer (in the case of Mark Chang, and a shareholder in the case of Cathy Chang). Unlike the defendant's duty in *Armstrong* to inquire about the solvency of its customer which arose slowly over time, the Changs' duty to examine the Debtor's solvency arose prior to the December, 1995 transaction as a result of the fiduciary obligations and duties imposed under law because their positions with the Debtor.

### PREJUDGMENT INTEREST RATE AND ACCRUAL PERIOD

■ When no interest rate is set by statute, prejudgment interest should be awarded at the market rate—the average of the prime rate for the years in question. *National Gypsum Co. v. City of Milwaukee*, 144 F.3d 1111 (7th Cir.1998); *Stanton v. Republic Bank of S. Chicago*, 144 Ill.2d 472, 163 Ill.Dec. 524, 581 N.E.2d 678, 682 (1991) *see also Platinum Tech., Inc. v. Federal Ins. Co.*, 282 F.3d 927 (7th Cir. 2002) (stating that in an action in equity, prejudgment interest may be awarded at a rate determined by the court). Therefore the Court may award prejudgment interest at the rate equal to the average "prime rates" for the period. The Trustee argues that discretion should be exercised to award prejudgment interest at the rate equal to the average prime rates for the period beginning either on the day of the fraudulent transfer, December 22, 2995, or the date the Adversary Complaint was filed, December 2, 1998.

As to fraudulent transfers, courts have awarded prejudgment interest beginning from the time that demand or an adversary proceeding is initiated. Some other courts have awarded prejudgment interest from the date of the transfer. *See Moglia v. Universal Automotive, Inc. (In re First National Parts Exchange, Inc.)*, No. 98 C 5915, 2000 WL 988177, *14 (N.D.Ill. July 18, 2000). When the damages arise from a breach of the defendant's fiduciary duty, the appropriate date has been found to be the date of the breach or the conduct giving rise to the damages. *See Stanton*, 144 Ill.2d at 481, 163 Ill.Dec. 524, 581 N.E.2d at 682., and grant such other and further relief in the Trustee's favor as the Court deems appropriate.

The Changs do not dispute that if interest is awarded the proper interest rate is the average of the prime rates for the years in question. *National Gypsum Co. v. City of Milwaukee*, 144 F.3d 1111 (7th Cir.1998); *Stanton v. Republic Bank of S. Chicago*, 144 Ill.2d 472, 163 Ill.Dec. 524, 581 N.E.2d 678, 682 (1991); *see also Platinum Tech., Inc. v. Federal Ins. Co.*, 282 F.3d 927 (7th Cir.2002) (stating that in an action in equity, prejudgment interest may be awarded at a rate determined by the court). Their counsel who opposed any prejudgment interest did agree that the average of prime rates for the years in question computes at 7.34%.

■ In some cases, an award of prejudgment interest from the date of the transaction complained of has been found appropriate. *See Moglia v. Universal Automotive, Inc. (In re First Nat. Parts Exchange, Inc.)*, No. 98 C 5915, 2000 WL 988177, at *14 (N.D.Ill. July 18, 2000). When the damages arise from a breach of the defendant's fiduciary duty, the appropriate date could well be the date of the breach or the conduct giving rise to the damages. *See Stanton*, 163 Ill.Dec. 524, 581 N.E.2d at 682. Therefore, prejudgment interest could be considered for award here at the rate equal to the average "prime rates" for the period from December 22, 1995 until the date of the judgment.

Had an action asserting the wrongs proved by the trustee been brought by some interested party during the years following the transaction in issue, prejudgment interest running from the transaction date would certainly have been considered. But under circumstances here where the action was brought by the Trustee several years later, the Changs should not be required to pay interest before the date that they were presented with a suit contesting their conduct. However, as of the latter date, they were able to know the issues and could have decided to resolve the case at that point instead of putting Plaintiff to his proofs. Therefore, discretion will be exercised to award prejudgment interest running from the date this suit was filed to the date of the judgments entered.

### CONCLUSION

Prejudgment interest is appropriately awarded on each of the counts on which money judgments will now issue in favor of the Plaintiff as an element of compensation to correct for the time value of money and to make the bankruptcy estate whole.

Final judgment orders are being entered this date pursuant to post-trial Findings of Fact and Conclusions of Law made and entered and the order entered November 20, 2002, and also pursuant to this Opinion. Prejudgment interest will be allowed therein against Mark Chang in all Counts wherein judgments are entered against him at the rate of 7.34% per annum from December 2, 1998 through the date of each judgment. But, for reasons stated, the request for interest to run from an earlier date, and request for interest award against Mrs. Cathy Chang, are hereby denied.